IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KIMBERLY SONES, F/K/A
KIMBERLY SIMMONS

VS.                                                    CIVIL ACTION NO. 1:05cv424-KS-MTP

ROBERT SIMMONS, THE BANK
OF NEW YORK, AS TRUSTEE
UNDER THE POOLING AND SERVICING
AGREEMENT DATED MAY 31, 1996, SERIES
1996-B, AND MICHAEL S. MCKAY,
SUBSTITUTED TRUSTEE

ORDER ON PLAINTIFF'S MOTION TO REMAND
FOR LACK OF SUBJECT MATTER JURISDICTION

This cause is before the Court on Plaintiff's [#3] Motion to Remand for Lack of Subject Matter Jurisdiction, [#6] Response thereto by Bank of New York, and the Court after throughly considering the Motion, Response, Memoranda and supporting case law, finds that the Motion to Remand should be **denied** for the following reasons.

PROCEDURAL HISTORY

Plaintiff, Kimberly Sones, f/k/a Kimberly Simmons, filed suit in the Chancery Court of Pearl River County, Mississippi, alleging that the Bank of New York or Homeq Servicing Corporation, f/k/a TMS Mortgage, Inc. ("BONY") assessed certain fees and charges in connection with Plaintiff's mortgage loan that are not authorized by the Deed of Trust and other documents executed by Plaintiff. In her action Plaintiff seeks actual and punitive damages, attorneys fees, and injunctive relief. BONY removed the case to this Court alleging subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1334(b). BONY's position is that

1

Plaintiff's claims arise (1) out of a substantial questions of federal law, (2) under Title 11 (Bankruptcy jurisdiction) and (3) that there have been wrongful joinders of Defendants to destroy complete diversity jurisdiction.

This Court finds that it has diversity jurisdiction and, therefore, the other two issues need not be addressed by this Court.

## DIVERSITY JURISDICTION

The parties are as follows:

Plaintiff - Kimberly Sones - a resident of Mississippi;

Defendant - Robert Simmons - a person whose residence is unknown, but previously a resident of Mississippi;

BONY - a resident corporate citizen of the State of New York; and

Michael S. McKay - substitute trustee - a citizen of Mississippi.

It is undisputed that Plaintiff's Complaint is seeking damages in excess of $75,000.00 and the amount in controversy is met.

On the face of the pleadings it appears that there is not complete diversity. Plaintiff is a Mississippi resident and, at least one of the Defendants, Michael S. McKay ("McKay"), is a Mississippi resident. However, when the status of the parties is considered the Court has determined that there must be a necessary realignment of the parties.

Michael S. McKay - substituted trustee.

McKay is a nominal party and this Court is required to disregard nominal parties and base jurisdiction only on citizenship of real parties, i.e. parties who have a material claim or interest in the subject matter of the controversy or those who will be directly affected by an adjudication of

the controversy. *Dempsy v. Transouth Mortgage Company*, 88 F. Supp. 2d 482 citing *Nevarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, 100 S.Ct. 1779, 64 L. Ed. 2d 425 (1980).

It is clear that McKay has no stake in the litigation. He is the substituted trustee. "A trustee under a Deed of Trust does not assume the important obligations which in some instances are cast upon the trustee by operation of law. [citation omitted]. The trustee of a Deed of Trust is not a trustee in the strict sense of the word. The role of such trustee is more nearly that of a <u>common agent of the parties to the instrument</u>." *(*Emphasis added) *Wansley v. First Bank of Vicksburg*, 566 So. 2d 1218 (Miss. 1990) citing *Lancaster Security Investment Corporation v. Kessler*, 159 Cal. App. 2d 649, 324 P. 2d 634 (1958).

This Court finds that Robert McKay as substituted trustee is a nominal party and is not considered for purposes of diversity.

### *Robert Simmons*

Robert Simmons is the ex-husband of Plaintiff. He apparently abandoned the property and the Plaintiff and has moved to parts unknown. Plaintiff obtained a divorce from Simmons on the ground of desertion. He is co-owner of the property with Plaintiff, but has not contributed toward the payments or other responsibilities assumed by Plaintiff. He stands to gain if the foreclosure sale is enjoined and, essentially, his interests are in tandem with those of Plaintiff. However, Plaintiff does have a valid cause of action against Simmons for contribution toward his responsibilities as joint obligor on the Deed of Trust. The principal purpose of this case is to enjoin the foreclosure and to obtain damages from BONY. This Court has a duty to align the plaintiffs and defendants in civil trials. *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 69 (1941). Simmons should be realigned in this case as a plaintiff.

When the citizenship of McKay is disregarded and Simmons is realigned as a party plaintiff, complete diversity exists, hence, this Court has diversity jurisdiction under 28 U.S.C.A. § 1332.  It is not necessary to address the other issues claimed by Defendant, as Defendant has met its burden to establish jurisdiction in this Court.

## CONCLUSION

IT IS,  THEREFORE, ORDERED AND ADJUDGED that the Motion to Remand filed by Plaintiff Kimberly Sones, formerly known as Kimberly Simmons, be and the same is hereby **overruled.**

SO ORDERED AND ADJUDGED on this, the 25th day of September, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE